WILLIS, BEN C, Associate Judge.
On motions of the defendants, (ap-pellees) the trial court entered an order dismissing the plaintiff’s (appellant’s) complaint. The allegations of the complaint must be taken as true for the purposes of appraising the decree rendered. It appears that one Marie Young Pratt, a non-resident now deceased, left certain lots in the Town of Palm Beach as part of her estate. On her will there was a “request” to the executor “to inform'my children of impending sales before disposing of any of my real estate — not otherwise disposed of in this will — and to give my children a preferential right to purchase any of such real or personal property at prices which my executor shall determine as fair and reasonable but not less than the prices which, in my Executor’s opinion, could be realized through sales to third parties * *
The defendant bank is the ancillary administrator C.T.A. of the estate. In this capacity, the bank executed a contract with the plaintiff corporation for the sale and purchase of the lots in question for $125,-000. - However, the contract contains the following paragraph:
“6. The covenants and conditions hereinabove stated notwithstanding, it is understood and agreed by the Purchaser that the right of the Seller to enter into this contract and consummate same is conditional upon” (following this is set forth the provisions in the Will of the testatrix mentioned above).
The contract further provided for the Seller to immediately apply to the County Judge’s Court of Palm Beach County “for approval of this sale and for the determination of whether or not the parties entitled to the ‘preferential right’ desire to meet the terms of this contract.” Pursuant to this provision the defendant bank filed a petition in the County Judge’s Court praying for an order confirming the sale. Citation was served on all of the children of the decedent, including the defendant, Jane K. New-hafer. The defendant Newhafer filed an answer to the citation electing to exercise her preferential right to purchase the property. The County Judge entered an order recognizing the preferential right of the daughter and directed the defendant bank to enter into a contract with her.
It is alleged that Newhafer is not a bona fide purchaser but that her actions are a mere subterfuge in that she is actually acting for a third party who is a stranger to the will, who is putting up the money and will acquire the property.
The plaintiff seeks a. declaratory decree as to its rights in the contract, contending that the preferential right conferred by the testatrix to her children is a personal right to purchase for personal use. It is contended that the advance of funds by a stranger to the will for the purchase of the property for such stranger is ineffectual and contrary to the intent of the testatrix.
In dismissing the complaint, the trial court in effect rendered a declaratory decree. There is set forth therein the following:
“ * * * it appearing that the specific relief sought is the construction of a will, the Court finds that the language of the will * * * is clear, positive and unambiguous; further that a court of competent jurisdiction has in effect construed said portion of said will, and that the relief herein sought is barred under the doctrine of res judicata; it further appears that the plaintiff herein participated in the action of said Court * * *, and is bound by the Order thereof.
“By way of dicta it does appear however that, among other things, there may be an attempt to circumvent the payment of a real estate commission, *672 and it may also be that the purchasing heir is not purchasing for herself, however in the will in question there are no strings attached, nor restrictions on the preferential right of the decedent’s children, and such right, as it were, is carte blanche * *
The appellant raises two questions. The first is whether or not the preferential right to purchase conferred by the testatrix on each of her children can be exercised for the benefit of a stranger to the will so as to nullify any rights in . a party to a preexisting contract to purchase the property. The second question is whether or not the plaintiff here is barred from relief by the doctrine of res judicata or estoppel by judgment.
It is contended that a testamentary option to purchase estate properties is a right personal to the optionee and cannot be exercised directly or indirectly in behalf of a stranger to the will. The point has been raised in cases in which the optionee has died either prior to the testator or prior to exercising the option but before expiration of time for exercising it. In most, but not all, cases it has been held that such an option is personal to the optionee and does not devolve upon his heirs, personal representatives or those otherwise constituting his successors in interest. Annotation, 28 A. L.R.2d pp. 1167-1170. However, in each of the cases the court considered the language used and the particular circumstances and relationships involved to ascertain the testator’s intent. Where such intent was found to be not strictly personal to the op-tionee but would embrace others in close relationship to the optionee, the intent so ascertained was controlling. Where the intent was that the option would be personal, that construction would be applied. In all cases the intent of the testator controls.
In the language used by the testatrix here, we agree with the trial judge that it is clear, positive and unambiguous. There is nothing to indicate or even suggest that one exercising the option would be limited to putting the property so purchased to the personal use of the optionee. One having the right to claim the privilege need not explain to court or the estate’s representative why the property is desired or what use or disposition will be made of it.
It is not necessary to decide whether or not such preferential privilege is assignable or inheritable. In this case, it has been personally exercised by one on whom the privilege is conferred. If in fact some stranger does acquire the property eventually no violence is done to the testatrix’ intention. Presumably, and it may not be otherwise inferred, the optionee here is adequately rewarded for her part in bringing about whatever rights may be acquired by the third party stranger. The testatrix obviously only desired to give the optionee the opportunity to benefit, economically or otherwise, by purchasing the property provided she could meet the best price obtainable for it. The testatrix did not express or infer any intent that there would be the slightest restriction on how or from whom the optionee would procure the necessary purchase price; to what, if any, use the property would be put or for how long; or when, to whom or on what conditions it might be sold, mortgaged, leased or given away by the optionee purchaser.
The rights of the plaintiff under its contract with the administrator bank are specifically, by the terms of the contract, subject and subordinate to the preemptive rights of the defendant Newhafer. Upon her exercise of such rights, which she has legally done, the plaintiff’s rights in the property terminated.
Because of our views on the construction of the terms of the will, it is unnecessary to consider the question of res judicata or estoppel by judgment.
The decree appealed from is affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.